## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

MOARINE FICK,                    )
                                 )
         Plaintiff,              )
                                 )
vs.                              )      NO. 3:14-CV-307
                                 )
LAPORTE COUNTY SHERIFF's         )
DEPARTMENT, et al.               )
                                 )
Defendants.                      )

## OPINION AND ORDER

This matter is before the Court *sua sponte* on the Notice of Removal, filed by Defendants LaPorte County Sheriff's Department, Mike Mollenhauer, Captain Scott Bell, and Sergeant S. Vance, on February 14, 2014. (DE #2.) For the reasons set forth below, this Court **ORDERS** Defendants to submit a brief including citations to relevant law stating with precision why federal question jurisdiction exists. The brief shall be filed no later than **June 6, 2014.** Failure to file the required brief may result in the Court *sua sponte* remanding this case to the LaPorte Superior Court for lack of subject matter jurisdiction.

BACKGROUND

On February 4, 2014, Moarine Fick ("Fick") filed a complaint in the LaPorte Superior Court (46D03-1402-PL-183). (DE #1.) The complaint alleges that Fick was wrongfully terminated for speaking

out against an incident where she witnessed a colleague use excessive force. She also alleges that she was required to arrive for her shift 15 minutes early but was not paid for either that time or her 15 minutes breaks, in violation of the LaPorte County Handbook. The "legal claims" section of the complaint alleges only that:

> The challenged actions of the defendants violate Indiana Tort Claims Act, I.C. § 34-13-3, et seq., resulting in the withholding of wages and wrongful termination of the plaintiff, Moraine Fick.

(DE #1 at 4). The only reference to federal law or any federal statute in Fick's complaint is a prayer for relief requesting "cost, including a reasonable attorney fee, pursuant to 42 U.S.C. § 1988."

On February 14, 2014, a Notice of Removal was filed by Defendants. (DE #2). In that Notice, Defendants assert that removal is proper based on federal question jurisdiction, 28 U.S.C. § 1331. More specifically, Defendants state that:

> 4. Though Plaintiff does not specify the cause(s) of action or legal bases for her claims, she does indicate that she is seeking attorney's fees under 42 U.S.C. § 1988, the federal statute authorizing attorney's fees for the "prevailing party" in actions brought under 42 U.S.C. § 1983 for alleged violations of constitutional rights, among others.

> 5. Because claims under 42 U.S.C. § 1983 for constitutional violations are inherently claims pursuant to federal law, Defendants are entitled to file this Notice of Removal.

(DE #2 at 2).

DISCUSSION

A case may be removed from state court to federal court if it is based on statutorily permissible grounds and if it is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446. The Seventh Circuit has directed that, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states, and the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). The party seeking removal must demonstrate that removal is proper. *Boyd*, 366 at 529. "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). When challenged, the party seeking federal jurisdiction bears the burden of proving by a preponderance of the evidence that a case belongs in federal court. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Even where not challenged by a party, "federal courts are always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (quotation marks and citation

omitted). See also *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003) (A court has an "independent obligation" to ensure that federal subject matter jurisdiction exists.)

Subject-matter Jurisdiction

Defendants removed this case from state court based on federal question jurisdiction. 28 U.S.C. § 1331. For federal question jurisdiction to exist, the action must arise "under the Constitution, laws, or treaties of the United States." *Id.* "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.,* 727 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). In the instant case, the complaint itself leaves much to be desired, but before this Court can pass judgment on whether the complaint can survive a motion to dismiss, the Court must be satisfied that it has subject-matter jurisdiction.

The *only* mention of any federal law in Fick's complaint is a reference in the prayer for relief which, among other things, seeks reasonable attorney fees under 42 U.S.C. § 1988. The federal statute Fick cites to, 42 U.S.C. § 1988, allows a court to award attorneys fees to a party who prevails in one of the causes of

action enumerated in the statute. 42 U.S.C. § 1988. The body of the complaint, however, does not suggest that Fick intended to bring a claim under 42 U.S.C. § 1983 (as Defendants presume) or any other federal claim referenced in 42 U.S.C. § 1988. Rather, it appears (although this Court cannot be certain) that the reference to 42 U.S.C. § 1988 was a scriveners error of some sort. *See George v. Bd. of Cnty. Comm'rs of Franklin Cnty.,* 1998 WL 220206, No. 98-4025-RDR (D.Kan. Apr. 16, 1988)(holding that where an amendment to the complaint inadvertently failed to excise every reference to federal law, leaving an isolated reference to the federal statutes referenced in the previous complaint, it was nonetheless clear that the plaintiff intended to state only state law claims); *see also Brumfield v. Baker*, No. 11-507-BAJ-CN, 2011 WL 5178267 (M.D. La. Sept. 30, 2011)("[I]t is the cause of action, not the relief requested that gives rise to a claim based on federal law."). Because Defendants bear the burden of establishing that removal is proper, they must convince this Court that Fick's complaint arises under federal law. More specifically, Defendants must explain with specificity why the lone reference to 42 U.S.C. § 1988 in the prayer for relief section, without any reference to an underlying federal cause of action that would permit such relief, is sufficient to bestow federal question jurisdiction on this Court.

<u>CONCLUSION</u>

For the reasons set forth above, this Court **ORDERS** Defendants to submit a brief, including citations to relevant law, stating with precision why federal question jurisdiction exists.  The brief shall be filed no later than **June 6, 2014.**  Failure to file the required brief may result in the Court *sua sponte* issuing a remand to the LaPorte Superior Court for lack of subject matter jurisdiction.


**DATED: May 16, 2014**                    **/s/RUDY LOZANO, Judge**
                                         **United States District Court**